# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL PITZER, ET AL                                            PLAINTIFFS

vs.                                                 CIVIL ACTION NO. 3:13CV-749-S

LOUISVILLE ARCHDIOCESE, ET AL                            DEFENDANTS

## MEMORANDUM OPINION

In this action, the plaintiffs, by amended complaint, assert various claims for violations of the ADA, 42 U.S.C. § 12181, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), as well as the implementing regulations of both. The plaintiffs also assert Fourth Amendment and due process claims.

The defendants have filed a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (DN 12). The plaintiffs have responded (DN 23) and the issues are now properly before the Court for rulings.

I. The defendants move to dismiss St. Margaret Mary School on the basis that it is not an entity separate from a co-defendant, which has been named as "Louisville Archdiocese." In fact, the defendants contend that even that party is misnamed and that the appropriate legal entity is "Office of Catholic Schools, Archdiocese of Louisville, Kentucky, Incorporated."

The Court is informed by the pleadings that the appropriate suable entity in this matter is the "Archdiocese of Louisville, Kentucky, Incorporated" whether or not the "Office of Catholic Schools" is added. In any case, it appears that St. Margaret Mary School is not a separate legal entity from the Archdiocese.

Accordingly, St. Margaret Mary School will be dismissed, leaving the claims asserted against the school and the Archdiocese as against the Archdiocese only.

II. The defendants ask that the claims against Defendants Wendy Sims, Brenda Clark, and Barbara Voet be dismissed due to the immunity provided by the Paul D. Coverdell Teacher Protection Act of 2001 (20 U.S.C. § 6731, *et seq*.) There is no doubt that this legislation provides certain liability protections and limitations for claims against teachers. See 20 U.S.C. § 6736.

However, in a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the question is only whether a colorable claim has been asserted, not whether there is evidentiary support for the claim or whether summary judgment may ultimately be appropriate.

The motion to dismiss the claims against the individuals, at this stage, must therefore be denied.

III. The defendants contend that the plaintiffs' claims against them under Title III of the ADA should be dismissed based upon the religious exemption at 41 U.S.C. § 12187. In support, the defendants cite the case of Marshall v. Sisters of Holy Family of Nazareth (399 F.Supp. 2nd 597 (E.D. PA, 2005).

The plaintiffs do not appear to offer argument as to why this statutory exemption should not be applied in this case.

It is beyond argument that the Archdiocese of Louisville falls within this exemption, and that the claims against the Archdiocese under the ADA must be dismissed as failing to state a claim upon which relief can be granted. Accordingly, the defendants' motion will be granted to

the extent that it seeks dismissal of the ADA claims against the Archdiocese of Louisville, but denied as to the remaining defendants.

IV. Last, the defendants request judgment on the pleadings in regard to punitive damages, pointing out that under Barnes v. Gorman, 536 U.S. § 181 (2002), punitive damages are not available under the ADA nor under Section 504 of the Rehabilitation Act. Plaintiffs do not argue to the contrary, and judgment will accordingly be rendered on this aspect of the case.

A separate order will be entered in accordance with this Opinion.

March 21, 2014

                                              **Charles R. Simpson III, Senior Judge**
                                                    **United States District Court**

cc: Counsel of Record